AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Philip Trent<br><br>Defendant(s) | Case No. 2:21-mj-44 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of August 26, 2018 - August 27, 2018 in the county of Franklin in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 USC § 3 and §1111 | Accessory after the fact to murder |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Ryan Marvich, Special Agent HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 1-26-21

_____
Judge's signature

City and state: Columbus, Ohio

Chelsey M. Vascura, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Ryan Marvich, being duly sworn, state:

## INTRODUCTION

1. Your Affiant is a sworn Special Agent with the United States Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). Your Affiant has been a Special Agent within DHS since the Department's creation in May 2003. Your Affiant has been assigned to the HSI Columbus office since February 2008, where your Affiant has been involved with narcotics investigations. Prior to becoming a Special Agent with HSI, your Affiant served as an Officer with the United States Secret Service, Uniformed Division beginning in January 1998. In June 1999, your Affiant accepted a position as a Special Agent with the United States Secret Service. In May 2003, your Affiant transferred employment to become a Special Agent with the United States Customs Service (USCS). In 2003, under the creation of DHS, various components, including criminal investigators/special agents, with the USCS were merged with components, including criminal investigators/special agents, from the United States Immigration and Naturalization Service (INS) and formed ICE. Since then, criminal investigators/special agents and all related investigative functions of ICE have been moved into HSI within ICE.

2. Your Affiant has participated in and conducted numerous investigations of violations of various state and federal criminal laws, including violations of Title 21 and Title 18 United States Code.

## PURPOSE OF AFFIDAVIT

3. I am participating in an investigation concerning an organized group of known and unknown individuals who are suspected of involvement in criminal offenses against the United States, namely accessory after the fact to murder, in violation of 18 U.S.C. § 3 and 18 U.S.C. § 1111.

1

4. The information set forth in this affidavit is based upon my knowledge, training, experience, and participation in investigations involving the smuggling, possession, distribution, and storage of narcotics and narcotics proceeds. This information is also based on the knowledge, training, experience, and investigations conducted by fellow law enforcement officers, who have reported to me either directly or indirectly. I believe this information to be true and reliable. I know it is a violation of 18 U.S.C. § 3, in that whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact; and 18 U.S.C. § 1111, murder, the unlawful killing of a human being with malice aforethought.

5. The information contained in this affidavit is based upon my personal participation in this investigation, information obtained from other agents and detectives assisting in this investigation, and my review of records, documents, and other material relating to this investigation.

6. Because this affidavit is being submitted for the limited purpose of securing criminal complaints and arrest warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Philip Trent violated 18 U.S.C. § 3 and 18 U.S.C. § 1111.

## FACTS ESTABLISHING PROBABLE CAUSE

7. In August, 2019, investigators with Homeland Security Investigations (HSI) and the Franklin County Sheriff's Office (FCSO) began an investigation into an organized group of individuals that were linked to a faction of the Latin Kings criminal street gang in Chicago, Illinois that were suspected of distributing kilogram quantities of heroin and cocaine into the Columbus, Ohio area. As a result of this investigation, agents and detectives seized large amounts of narcotics including fentanyl, cocaine, heroin, and methamphetamine from various residences in and around Franklin County Ohio. To date, five (5) individuals have been arrested and charged with various federal

2

narcotics and firearms violations in the Columbus, Ohio area including an individual hereafter referred to as Defendant #1. Defendant #1 is currently in federal custody pending trial on these narcotics charges.

8. On October 15, 2020, investigators obtained information from a confidential source (CS#1) concerning a possible homicide committed in Columbus, Ohio. CS#1 had direct knowledge and/or involvement with Defendant #1 and his narcotics distribution organization. According to CS#1, he/she had been told by another individual working with Defendant #1 that Defendant #1 killed someone named "Henry" in Columbus, Ohio. This individual told CS#1 that Henry was shot and killed by Defendant #1 in the basement of the residence of Defendant #1 on Stevens Avenue. CS#1 was able to identify the residence where Defendant #1 lived and where the murder occurred as 129 Stevens Avenue, Columbus, Ohio. CS#1 stated that he/she was told the victim was cut up following the homicide. CS#1 was able to provide detailed descriptions of this homicide to investigators. According to CS#1, this homicide occurred sometime in 2018.

9. On October 19, 2020, investigators interviewed Sandra Senn, the owner of 129 Stevens Avenue, Columbus, Ohio. Senn stated that she had entered into a Land Contract deal to sell her property to Defendant #1. She said that they entered this contract on May 10, 2018 and provided the contract as documentation. Senn stated that on or about January 2019 she was advised by the Columbus Police Department that Defendant #1 had been arrested and that she decided to terminate this agreement and evict Defendant #1 from the property. Senn assumed it had something to do with drugs. Senn stated that her son moved in thereafter. Senn identified Defendant #1 by photographs shown to her. Senn stated that after she removed Defendant #1 from her residence, she noticed that Defendant #1 had removed the drywall and the flooring from a rear room of the residence at 129 Stevens Avenue.

10. On October 21, 2020, investigators met with the current resident of 129 Stevens Avenue, Columbus, Ohio, Trisha Knapp. Knapp advised that she and her family moved into this residence immediately after Defendant #1 moved out sometime in January 2019. Knapp is the common-law wife to Sandra Senn's son. Senn is the owner of 129

3

Stevens Avenue. Knapp advised that she was familiar with the inside of this residence before her mother-in-law attempted to sell it to Defendant #1. Knapp stated that they noticed that once they obtained the property from Defendant #1, Defendant #1 had torn out a finished bedroom in the back of the house. Defendant #1 had removed the drywall, insulation, and flooring from the room. Knapp stated that she always questioned why Defendant #1 would have done this because it was a nice room. Agents asked Knapp is she would give consent to allow investigators to search this residence for evidence related to possible crimes committed when Defendant #1 had possession of the property. Knapp signed written consent to allow investigators to search the back room, the basement of the residence and the unattached garage. This consent search was agreed to occur the next day, October 22, 2020.

11. On October 22, 2020, investigators conducted the consent search of the back room, the basement and the unattached garage of 129 Stevens Avenue, Columbus, Ohio. Upon arrival at the property, investigators noticed that the rear room of the residence which led immediately down to a basement, was a bare room with only wood studs for walls and a concrete floor. As described by Knapp, there was no insulation, drywall, carpeting or padding in this room.

12. At this time, BCI S/A Perry Roeser conducted a forensic examination of this property. During this forensic examination, S/A Roeser found five (5) suspected bullet holes in the celling of the back room of this residence as well as evidence of a large amount of blood on the concrete floor. This blood evidence was not visible to the naked eye. S/A Roeser advised that in his opinion an event which led to a large amount of blood loss occurred in this room. S/A Roeser was able to collect swabs of this blood evidence for further DNA examinations. BCI laboratory results indicate that the substance found in the basement of the house was in fact blood.

13. In December 2020, investigators conducted an interview of a separate confidential source (CS#2) concerning the possible homicide committed in Columbus, Ohio by Defendant #1. CS#2 had firsthand information related to the homicides committed by Defendant #1. According to CS#2, on approximately August 26, 2018, Defendant #1 shot and killed a man, Henry Watson, and his girlfriend in the back room of his

4

residence located at 129 Stevens Avenue, Columbus, Ohio. CS#2 was able to provide detailed descriptions of the homicide scene at 129 Stevens and the process that was used to clean up after the homicides. CS#2 believes both victims were killed because they were potential witnesses as to an aspect of a prior murder case, that is, Defendant #1 asked victim Henry to dispose of a weapon used in an armed robbery / attempted robbery of drugs, committed by Defendant #1 and others. This armed robbery resulted in the death of one of the victims. This armed robbery is the focus of a joint Columbus Division of Police and Homeland Security investigation into violations of federal law including 18 U.S.C. sections 924(c), 924(j) and 1111. According to CS#2 Henry was suspected by Defendant #1 of telling other people about this first murder/robbery and/or disposal of the firearm that belonged to Defendant#1. Investigators know that that a homicide in June 2018 at a residence at approximately 2:00am on June 27, 2018 was related to illegal narcotics. There were no arrests made in this homicide although Defendant #1 was one of the suspects. According to reports, several persons entered the residence with firearms and robbed the residents of high-quality marijuana. According to CS#2, Patrick Foster (Patrick Michael Foster Jr.) lives on Princeton Avenue in Columbus, Ohio, and he and Defendant #1 have been close friends for many years. According to CS#2, Defendant #1 met with Patrick Foster immediately following the homicides of Henry and the other victim at 129 Stevens Avenue. When Defendant #1 and Foster finished talking, Defendant #1 returned to his house at 129 Stevens. As Defendant #1 and CS#2 were getting ready to depart Foster's house, CS#2 saw two males, whom he/she did not know, exit Foster's house and enter a white panel van. CS#2 believes these individuals were people who work for Foster and that they were heading over to Defendant #1's residence, and CS#2 believes that the two bodies were probably loaded into this white panel van to be disposed of. All this information from CS#2 is direct first-hand information.

14. On January 13, 2021, at approximately 10:00am, investigators began conducting surveillance at one of the residences of Patrick Michael Foster Jr. at 97 North Princeton Avenue, Columbus, Ohio. Upon arriving at this residence, investigators located a black

5

Cadillac Escalade bearing Ohio license plate JGD2184, registered to Patrick Foster, parked immediately beside the residence.

15. At approximately 11:30am, investigators observed Foster and two other white males exit the residence at 97 North Princeton Avenue, Columbus, Ohio and all entered Foster's black Cadillac Escalade. Investigators began a vehicle surveillance of Foster as he departed the area while driving his Escalade.

16. At approximately 11:43am, Foster pulled up in front of a residence located at 2450 Sullivant Avenue, Columbus, Ohio. The two unknown white males exited Foster's Escalade and entered the front door of the residence. 2450 Sullivant Avenue, Columbus, Ohio is a small residence with a larger separate building, identified as 2448 Sullivant Avenue, immediately behind the residence. Both buildings are owned by Patrick Foster. Investigators continued surveillance as Foster circled the block and parked near the front of 2450 Sullivant Avenue. After approximately 3 minutes, the two white males exited the residence and reentered Foster's Cadillac Escalade. They departed the area at that time.

17. On January 13, 2021, at approximately 12:00pm, a deputy with the Franklin County Sheriff's Office conducted a traffic stop on Foster's Cadillac Escalade bearing Ohio license plate JGD2184. At that time, investigators pulled Foster aside and told him they would like to speak with him. When Special Agent (S/A) Raterman explained that they wished to speak with Foster about information they received about his involvement with the disposal of two bodies. Foster became visually upset, argumentative, and extremely nervous. Foster began shaking, clenching his fists and hitting the dashboard of the S/A Raterman's government vehicle in which he was sitting. He stated that he didn't have anything to do with Defendant #1. Foster stated that he would like to get an attorney. S/A Raterman told Foster that he had no obligation to remain in his vehicle and encouraged him to get an attorney. At this point Foster exited the vehicle returned to his Cadillac Escalade and departed the area.

18. In January 2021, investigators conducted an interview with a separate a confidential source (CS#3). CS#3 had firsthand information related to the burying of two bodies. CS#3 also knows that two other individuals including Philip Trent were responsible for

6

burying the victims. Trent and this other known individual were working and/or living with Patrick Foster. According to CS#3, these two bodies were of a man and a woman and CS#3 was told by one of the other individuals involved with the burial, they were buried for Defendant #1. CS#3 stated that all these individuals were ordered to bury these bodies by Patrick Foster, and the bodies were moved from the murder location to the burial location by Trent and the other known individual inside a white panel van. According to CS#3 these bodies were buried approximately five feet deep in the basement of 2448 Sullivant Avenue, Columbus, Ohio. After being buried, the bodies were covered with concrete. CS#3 was able to identify the exact room and location were these bodies would be found inside this building. CS#3 stated that he/she personally knows this occurred and it happened a couple years ago. CS#3 also stated that although no one lives in this residence, Foster has numerous security cameras watching the entrances of this building where the two bodies are buried. Foster was said to be able to monitor these cameras via his cellphone. According to CS#3, Phillip Trent was directly involved with the transportation, digging of the hole, carrying of the bodies into the basement, and burial of the two bodies. CS#3 was able to identify an Ohio driver's license picture of Phillip Trent provided by investigators as the Philip Trent known by CS#3 to be involved in the burying of the bodies.

19. According to the Franklin County Auditor, 2448 Sullivant Avenue, Columbus, Ohio is owned by Patrick Foster, and is located immediately behind the residence where investigators followed Foster during the vehicle surveillance on January 13, 2021.

20. On January 13, 2021, investigators obtained and executed a State of Ohio search warrant at 2448 Sullivant Avenue, Columbus, Ohio. This warrant was for the gathering of evidence of aggravated murder. Upon entering this location, investigators noticed that this house wasn't fit for habitation. It appeared to be used for storage of large amounts of building materials and other items with limited or no value. These materials were so compacted within this building, walking through various rooms was almost impossible. Investigators also noticed numerous security cameras positioned in a way to alert the owner of the property of any activity at the building. Investigators found it odd to have surveillance cameras watching the entrances of a building which contained

mostly junk and few items of any apparent value. The only items that appeared to have any value were a few saws and other small tools. These cameras were disconnected upon entry by investigators. It was also noted that there were several unused bags of concrete mix still in the basement area, including one in the room where the burial was said to have occurred. These bags of concrete were apparently left behind from the burial for the bodies.

21. On January 13, 2021, after enlisting the assistance of the Columbus Division of Fire and their using of heavy machinery to dig through many feet of concrete, investigators were able to locate two human feet and part of a torso in the basement of 2448 Sullivant Avenue, Columbus, Ohio. Due to the nature of this excavation and the length of time it took, the excavation was halted in the early morning of January 14, 2021, and the site was secured until the digging could continue in the late morning of January 14, 2021.

22. On the morning of January 14, 2021, investigators continued the excavation of the grave site in the basement of Patrick Foster's building located at 2448 Sullivant Avenue, Columbus, Ohio. Following many more hours of digging, investigators were able to locate and remove the partially decomposed body of a female and male victim from the basement of this residence. Both bodies were devoid of clothing and they were partially dismembered as described by CS#1. Due to the condition of the bodies, immediate identification was not possible at that time.

23. On January 15, 2021, the Franklin County Coroner's Office reported preliminary autopsy results that showed projectiles that were found in each decedent. For the female, fragments were recovered from the neck, and for the male, fragments were collected from the head.

24. On January 20, 2021, investigators conducted an interview with a separate a confidential source (CS#4). CS#4 had firsthand information related to the burying of two bodies. According to CS#4, Philip Trent was one of the individuals that was sent to Defendant #1's residence to help clean up two murders that Defendant #1 had just committed. CS#4 stated that Trent and two other known individuals then transported the bodies to 2448 Sullivant Avenue where they dug a hole and buried the bodies in concrete.

8

25. On January 20, 2021, investigators conducted an interview with a separate a confidential source (CS#5). CS#5 had firsthand information related to the burying of two bodies. According to CS#5, Philip Trent was one of the individuals that was directed by Patrick Foster to go over to Defendant #1's house and help clean up two murders that Defendant #1 had just committed. According to CS#5, Trent was one of the individuals that helped move the two bodies to the basement of Defendant #1's residence. In the basement, Trent used a circular saw to dismember the bodies and placed the body parts into suitcases. Trent was then one of the individuals that helped carry the suitcases upstairs and placed them in a white panel van. Trent and other known individuals then drove the van containing the body parts to the building located at 2448 Sullivant Avenue, where they carried the bodies into the basement and proceeded to bury the two bodies. The bodies were placed in a large hole that Trent and the others dug and then they filled it with concrete.

## CONCLUSION

26. Based on the foregoing facts, your Affiant believes that there is probable cause to believe that Philip Trent is an accessory after the fact to murder, in violation of 18 U.S.C. § 3 and 18 U.S.C. § 1111. Accordingly, your Affiant requests the issuance of a criminal complaint and arrest warrant for Philip Trent.
27. I further request that due to the ongoing nature of this investigation, the application, search warrant, and this affidavit be sealed until further ordered of the Court in order to avoid premature disclosure of the fact of this investigation and the information contained in this affidavit.

_____
Special Agent Ryan Marvich
Homeland Security Investigations

Subscribed and sworn to before me this 26 day of JAN, 2021.

_____
Chelsey M. Vascura
United States Magistrate Judge